### PERKINS *v.* HENDRYX and others.

*(Circuit Court, D. Massachusetts. March 11, 1887.)*

1. EQUITY—PLEADING—AMENDMENT—DISCOVERY.
   An amendment of a bill for discovery, by making it one for discovery and relief, is such a change as justifies an amendment of the answer, since making the bill one for relief entitles the defendants to set up all their defenses; and, if the amendment of the answer were not allowed, they would be cut off from a full defense.

2. SAME—IRREGULAR MOTION FOR DECREE—PRACTICE.
   An irregular motion by defendant for a decree does not invalidate a subsequent answer and decree on the bill and such answer.

3. SAME—REOPENING CASE—SURPRISE.
   Plaintiff, after decree on a hearing for which he has set the cause, on supplemental bill and answer thereto, cannot have the case reopened because he was surprised by the allegations in the bill.

In Equity. ·On motion to reopen.

*J. McC. Perkins*, for complainant.

*J. L. S. Roberts*, for defendants.

COLT, J. I have again gone over this case, and considered the arguments brought forward by the parties. I can find no error in the

original decision.[1] After the court allowed the plaintiff to file a supplemental bill, the defendants had a right to answer it, setting up all their defenses to the relief sought by the plaintiff. The usual time allowed for answering is 30 days, or from one rule-day to the next, (rule 18,) and I think rule 57, under which this answer was filed, contemplates an allowance of 30 days, and that defendants' counsel might properly have understood that such time was allowed him. If, upon the filing of the answer, the plaintiff found it unsafe to proceed to a hearing upon bill and answer, he should not have proceeded with the hearing. The proceeding to the hearing may well be regarded as a waiver by the plaintiff of the technical objection that the answer to the supplemental bill was not filed in strict conformity to the rules in point of time. The plaintiff says that his supplemental bill merely changed the original bill from one of discovery to discovery and relief, and that, therefore, no further answer by the defendants was called for. The reply to this is that by making the bill one of relief against these defendants changed its character as to them, and plainly entitled them to set up all their defenses in an answer to the supplemental bill. Otherwise the defendants would be cut off from making a full defense, and a decree entered against them when they had no opportunity to be fully heard.

It is further contended by the plaintiff that the defendants filed an answer to the supplemental bill, June 29, 1885, and that they had no right to file another. I find no such answer on file, nor any note of it on the records or entries of the court. The case was heard upon the supplemental bill, and the answer thereto filed July 21st. Under these circumstances, the court cannot say that there was any other answer to the supplemental bill than the one before it at the hearing.

As to the defendants' motion for a decree June 30th, at the most it was irregular and premature. It could not have the effect of making the answer subsequently filed and the hearing upon bill and answer void. The fact that the accounting ordered by the court under date of June 22, 1885, is missing from the files, is unfortunate, but in what way it can affect the action of the court on this motion I am unable to see. I understand that a substantial copy of the last paper is now on file in the clerk's office. The error the plaintiff made in this case was in setting the cause down for hearing on supplemental bill and answer, instead of filing replication and proceeding to take proof. If he was surprised at the allegations in the answer to the supplemental bill, or did not have time to consider them, he should not have gone to a hearing upon bill and answer. But, after going to a hearing upon bill and answer, the court could not do otherwise than decide as it has done, and I am now unable to see any lawful way that the court can reopen the case. Motion denied.

[1] 23 Fed. Rep. 418.